UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CELEBRATIONS EVENT CENTER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No. 1:10-cv-1429-WTL-MJD |
| | ) |
| DETECTIVE WILLIAM CARTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTION TO DISMISS**

Presently before the Court is a Motion to Dismiss (Docket No. 27) filed by the Defendants – Chief of Police Paul R. Ciesielski, Detective William Carter, Sergeant David Wisneski, and the City of Indianapolis. The motion is fully briefed, and the Court, being duly advised, **DENIES** the Defendants' motion for the reasons set forth below.

**I. RULE 12(b)(6) STANDARD**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the Plaintiffs. The Complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**II. BACKGROUND**

The facts, as alleged in the Plaintiffs' Amended Complaint (Docket No. 20), are as

follows.

Plaintiffs Mabiljengo, Muhammad, and Lateef operate Celebrations Event Center ("Celebrations") which provides rental space and equipment to individuals or groups for a variety of events. On or about November 15, 2009, the Indianapolis Metropolitan Police Department ("IMPD") responded to gunshots in the neighborhood where Celebrations is located. Suspects in the shooting were detained, interviewed, and eventually arrested.

After the above incident, Detective William Carter ("Det. Carter") entered Celebrations, on two separate occasions, without a warrant and conducted a search of the premises. He did so at the direction of Sergeant David Wisneski ("Sgt. Wisneski) and pursuant to the common practice of the City of Indianapolis ("the City") to target African-American owned businesses for the criminal activity in the surrounding neighborhoods. Sgt. Wisneski also directed IMPD officers to harass the Plaintiffs on a nightly basis in order to undermine their existing or prospective business contracts. As a result of these searches, Celebrations was cited for several violations of the Revised Code of the Consolidated City and County ("Revised Code") and received fines totaling $1,614.00. The Plaintiffs satisfied this fine in May 2010.

The Plaintiffs filed this suit alleging violations of state and federal law. The Defendants have now moved to dismiss the charges against them.

### III. DISCUSSION

#### A. The Defendants' *Heck* argument

The Defendants first argue that all of the Plaintiffs' claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court addressed whether an individual who was convicted of a crime could bring a § 1983 suit for damages when the damages suit

2

would call into question the validity of his conviction. *See* 512 U.S. at 483. The Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486. Thus,

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. If a prisoner's claim for damages under § 1983 "would necessarily imply the invalidity of his conviction or sentence" then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Clearly, in order for *Heck* to apply, the Plaintiffs must have been convicted of a criminal offense. The Defendants assume that the Plaintiffs' fine for violating the Revised Code is equivalent to a criminal conviction. The Court does not agree. The Indiana Court of Appeals recently stated: "[I]t has long been established that prosecution for the violation of a city ordinance in which a monetary penalty only is sought is a civil and not a criminal action." *Boss v. State*, 944 N.E.2d 16, 21 (Ind. Ct. App. 2011). There is nothing in the record to suggest that the Plaintiffs were convicted of a criminal offense for violating the Revised Code. Accordingly, the Defendants' *Heck* argument fails and, to the extent the Defendants' motion sought dismissal under *Heck*, the motion is **DENIED**.

**B. Official capacity suits against Det. Carter, Sgt. Wisneski, and Chief of Police Paul R.**

**Ciesielski ("Chief Ciesielski")**

The Defendants next argue that the Plaintiffs cannot bring official capacity suits against Det. Carter, Sgt. Wisneski, and Chief Ciesielski under § 1983. The Plaintiffs concede that the § 1983 claims against Sgt. Wisneski and Det. Carter should only be maintained against those Defendants in their individual capacities. As such, the Court need only address this issue in regards to Chief Ciesielski.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690, n.55 (1978)). The Defendants correctly point out that the Plaintiffs' official capacity claim against Chief Ciesielski is essentially a claim against the City of Indianapolis. *See Perry v. Thomas* 1:09-cv-1051-TWP-MJD, 2011 WL 693622 at *4-5 (S.D. Ind. Feb. 18, 2011); *see also* Indianapolis Metropolitan Police Department, *Establishment of IMPD as a Division of the Department of Public Safety – February 2008*, http://www.indy.gov/eGov/City/DPS/IMPD/About/History/Pages/home.aspx (last visited July 7, 2011) (stating that the chief of police is appointed by the director of public safety who is appointed by the mayor). Given that the City of Indianapolis is already a Defendant in this case, suing Chief Ciesielski in his official capacity is redundant. Therefore, the parties are ordered to conform the caption in all subsequent filings accordingly.

**C. Individual capacity suits against Det. Carter and Sgt. Wiesneski**

The Plaintiffs concede that the § 1983 claim against Det. Carter and Sgt. Wiesneski, Count II, should only be maintained against those Defendants in their individual capacities. "Individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant

caused the deprivation at issue." *Kelly v. Mun. Courts of Marion Cnty.,* 97 F.3d 902, 909 (7th Cir.1996). The Defendants argue that the individual capacity suits in Count II should be dismissed because the Plaintiffs' allegations "are too bare-boned and conclusory to survive dismissal." Defs.' Brief at 15. They argue that under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), these mere allegations are not sufficient to survive dismissal.

The Court does not agree. The boundary between a well-pled complaint and an insufficient one under *Twombly* and its progeny is, quite frankly, still evolving and therefore somewhat blurry. While it may be difficult for courts to articulate why a particular case falls on one side or the other of the line, the overriding principle of the new pleading standard is clear: notice pleading is still all that is required, and "a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and internal quotation marks omitted). The allegations in Count II of the Plaintiffs' Amended Complaint satisfy this standard and are thus not subject to dismissal pursuant to *Twombly*.

By arguing to the contrary, the Defendants seek to impose a pleading standard that is inconsistent with notice pleading. For example, the Defendants allege that the Plaintiffs did not state "how access was gained to their facility, what was searched, or what was improperly discovered." Defs.' Brief at 15. Notice pleading does not require such specificity in non-complex cases, however. As noted in *Tamayo*, the Supreme Court's "explicit praise" of what is now Form 11 of the Federal Rules of Civil Procedure "illustrates that conclusory statements are not barred entirely from federal pleadings."

The [*Twombly*] Court noted that a complaint of negligence in compliance with

5

> Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic*, 127 S.Ct. at 1977; *see also Iqbal v. Hasty*, 490 F.3d 143, 156 (2d Cir. 2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic*, 127 S.Ct. at 1977; *Iqbal*, 490 F.3d at 156. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Tamayo,* 526 F.3d at 1084-85. The Plaintiffs have given the Defendants such notice in this case, and that is all that notice pleading requires of them. As such, the Court finds the statements regarding the illegal searches sufficient and the Defendants' Motion to Dismiss Count II is **DENIED**.

### D. § 1983 suit against the City of Indianapolis

The Defendants next argue that the Plaintiffs have not pled that the City "maintained a custom, policy or practice which resulted in a constitutional deprivation." Defs.' Brief at 9. In *Monell*, 436 U.S. at 691, the Supreme Court emphasized that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." A proper § 1983 claim requires that a plaintiff allege one of the following: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not expressly authorized, is so permanent and well-settled as to constitute a custom or usage; or (3) that the plaintiff's constitutional injury was caused by a person with final policy-making authority. *Billings v. Madison Metro. Sch. Dist.*, 259 F.3d 807, 817 (7th Cir. 2001).

The Plaintiffs chose the second option, claiming the Defendants have a common practice of "target[ing] legitimate businesses, particularly African American owned businesses, for

6

criminal activity in surrounding neighborhoods." Amend. Compl. ¶ 19. The Defendants raise several issues with this claim. They first argue that the Plaintiffs cannot establish a *Monell* claim based on the City's enforcement of the Revised Code. They cite numerous cases supporting their argument that a municipality cannot be held liable for enforcing state law. However, this argument is not persuasive because the Plaintiffs' claims do not in fact take issue with the enforcement of the Revised Code. To the contrary, the Plaintiffs state they do not challenge the fines they paid but instead aver that the "Defendants targeted their legitimate business for crimes in the surrounding neighborhood and then systematically harassed Plaintiffs until they could no longer sustain a profitable business venture." Pl.'s Response at 6.

The Defendants next claim that the Plaintiffs did not identify an express policy that violated their Constitutional rights. However, the Plaintiffs' § 1983 claims were brought pursuant to the "widespread practice that constitute[s] a custom or usage" portion of *Monell*, not the "an express policy" portion. *Billings*, 259 F.3d at 817. Thus, identification of an express policy is not required.

Finally, the Defendants argue that the Plaintiffs' allegations do not demonstrate a *widespread* custom or practice but rather demonstrate only a single instance of lawfully enforcing the Revised Code. First, as stated above, the Plaintiffs' claims are not premised on the City's enforcement of the Revised Code. Moreover, the Seventh Circuit has stated that the Federal Rules of Civil Procedure do not allow courts to dismiss these types of claims "for lack of factual specificity." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Rather, "litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *McCormick*, 230 F.3d at 325 (*quoting Leatherman v. Tarrant*

7

*Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993)).

While the Defendants identify cases establishing that the Plaintiffs will eventually have to produce evidence of a widespread custom, this is not required at the motion to dismiss stage. *See McCormick* at 324. ("The smattering of phrases like 'highest policymaking officers' and 'widespread custom' throughout McCormick's complaint is a common practice designed to ensure that the complaint will withstand scrutiny under liberal notice pleading"). The Plaintiffs' Amended Complaint, which alleges: (1) "[t]he City of Indianapolis is the municipality . . . charged with governing . . . the Department of Public Safety," Amend. Compl. ¶ 57; (2) "the Director of the Department of Public Safety duly appointed Chief Paul R. Ciesielski as the Chief of Police to the IMPD," *Id*. ¶ 59; and (3) "[t]he widespread and common practices of Chief Ciesielski with regard to the IMPD represent the policies of The Department of Public Safety and the City of Indianapolis," *id*. ¶ 61, is sufficient to survive a motion to dismiss. As such, the Defendant's motion is **DENIED** as to the § 1983 claims against the City.

### E. State law claims

Finally, the Defendants argue that Det. Carter and Sgt. Wiesneski are entitled to law enforcement immunity with regards to the state law claims in Count I because the Defendants "were acting within the scope of their employment with the IMPD as law enforcement officers at the time of the alleged conduct." Defs.' Brief at 14.

The Indiana Torts Claim Act states that "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations)." IND. CODE ANN. § 34-13-3-3 (West 2011). The Plaintiffs argue that because the

Defendants' actions violated their Constitutional rights, they are not entitled to law enforcement immunity. The Indiana Court of Appeals has clarified Section 3(8) concluding "that the 'enforcement' spoken of . . . means compelling or attempting to compel the obedience of *another* to laws, rules, or regulations, and the sanctioning or attempt to sanction a violation thereof." *St. Joseph Cnty. Police Dept. v. Shumaker*, 812 N.E.2d 1143, 1150 (Ind. Ct. App. 2004).

The Plaintiffs allege that on two separate occasions "Det. Carter entered Plaintiffs' building without a warrant and conducted a search of the premises" and that "said searches were for the sole purpose of undermining the legitimate business interests of Plaintiffs." Pls.' Brief at 5. They further allege that "Sgt. Wisneski directed IMPD officers . . . to harass Plaintiffs . . . on a nightly basis." *Id*. Taking these allegations as true, Det. Carter and Sgt. Wisneski were not enforcing any laws when they conducted illegal searches of the Plaintiffs' business and harassed the Plaintiffs on a nightly basis. As such, they are not entitled to law enforcement immunity and the Motion to Dismiss Count I is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket No. 27) is **DENIED**.

SO ORDERED: 07/07/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

9

Jennifer Lynn Haley
City of Indianapolis, Corporation Counsel
jhaley@indy.gov

Mark John Pizur
City of Indianapolis, Corporation Counsel
mark.pizur@indy.gov

Blair Wheat
Roberts & Bishop
bwheat@roberts-bishop.com